REQUESTED BY: Kenneth D. Steinmiller, Director, Retirement Systems of the State of Nebraska.
If a state employee terminates service before retirement, and files an application for return of his contribution to the Retirement Systems, may the Retirement Systems disregard that application, if the former employee dies before the application is processed by the Retirement Systems?
No.
You inform us that a state employee terminated his employment on December 3, 1977, and filed an application for the return of his retirement contributions. On December 27, 1977, he died. His application for a refund has not been processed, nor have his contributions been returned. Section84-1321, R.R.S. 1943, provides in part:
 "Any member of the retirement system who ceases to be an employee before becoming eligible for retirement under the provisions of section 84-1317 may, upon application, receive from the primary carrier a termination benefit equal to the amount in his employee account. If the terminating member does not make application to withdraw the amount in his employee account, he shall be granted in lieu thereof, a paid-up deferred annuity under which the first annuity payment shall be made as of the first of the month immediately following the sixty-fifth birthday. . . ."
You point out that had the employee elected to take a deferred annuity, 100 percent of the employer account, as well as his contributions, would have gone into the purchase of the annuity, and that upon his death before receiving the first annuity payment, the entire amount of the employee account and the employer account would have been paid to his beneficiary, apparently under the terms of the annuity agreement.
Your question is whether, since the employee's application for a refund has not been processed, you may now disregard the application, or, perhaps, permit the employee's personal representative to withdraw it, and, in effect, let him elect to take an annuity, so that the beneficiary would receive both the employee and employer accounts, instead of only the employee account.
To permit such a procedure would be, in our opinion, flying directly in the face of section 84-1321. That section says that he shall be granted a paid-up deferred annuityif he does not make application to withdraw the amountof his employee account. The problem is that he has made such application. We find no statutory authorization for even the employee himself to withdraw the application, once made, far less for the Retirement Systems to disregard it or permit its withdrawal by his personal representative. Theoretically, he should be entitled to his refund immediately upon termination of employment and filing his application. The fact that it may take some days to process the application and get his money to him should not operate to give him, or his beneficiaries, a continuing option to make a different election in light of subsequent events.
You have also asked what the situation would be if the employee had made no election prior to his death, either to withdraw his employee account or to accept an annuity. This is a hypothetical situation which has not arisen, and as to which the statutes give no clear answer. Under the circumstances, we must decline to answer the question. We suppose that the situation is unlikely to arise, because we assume that most agencies, as a routine matter, have their employees make an election to withdraw their contributions or to accept an annuity at the time of termination.